IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SARAHIA BENN, | * | |
| Appellant/Debtor, | * | |
| v. | * | Civil No. 24-746-BAH |
| REBECCA A. HERR, | * | |
| Appellee/Trustee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Appellant/Debtor Sarahia Benn ("Benn"), who appears *pro se*, appealed orders by the United States Bankruptcy Court for the District of Maryland dismissing her voluntary Chapter 13 bankruptcy petition and denying reconsideration. ECF 1. On March 13, 2024, the day after the notice of appeal was filed in the District Court, Benn filed a "Motion for Emergency Preliminary Injunctive Relief to Encompass the Appeals Process," ECF 3, and a "Motion for Emergency Temporary Injunctive Relief to Encompass the Appeals Process," ECF 4. On March 15, 2024, Benn filed amended motions, which replace the original motions.[1] *See* ECF 5 ("Motion For Emergency Temporary Injunctive Relief To Encompass The Appeals Process And Continuation Of The Stay (Amended)") (hereinafter "Amended TRO Motion"), ECF 6 ("Motion For Emergency Preliminary Injunctive Relief To Encompass The Appeals Process And Continuation Of The Stay (Amended)") (hereinafter "Amended Preliminary Injunction Motion"). Benn seeks

> emergency temporary injunctive relief against various entities, including PHH Mortgage Servicing, Trustee Attorneys Shannon Menapace, Eric Vandelinde, Nicole Lipinski, Sydney Roberson, and Marc Medel, WSFS Bank, Cascade HB8 Bank, Cummings and Co. Realtors, REO Management Solutions, and any other

---

[1] These earlier-filed motions will be denied as moot.

associates of these entities, alongside the Harford County Circuit Court due to multiple infringement on the plaintiffs rights and not following the legal foreclosure processes etc. al.

ECF 5, at 3; *see* ECF 6, at 4 (seeking "emergency preliminary injunctive relief" against the same entities). "The purpose of this request is to immediately halt all ongoing legal processes, including foreclosure, in the Harford County Circuit Court, including those initiated by the aforementioned entities (defendants), until due process has been afforded, given the ongoing and concurrent nature of the issues." ECF 5, at 4; ECF 6, at 4. Both motions are nearly identical in substance. *See* ECFs 5, 6. Attached to both motions are screenshots from a property management website about the property in question (ECFs 5-1, 5-2, 5-3, 5-4, 6-1, 6-2, 6-3, 6-4). The Amended TRO Motion also includes two emails from Benn, informing the recipients of the initiation of bankruptcy proceedings, noting that the property in question is occupied, and requesting that ongoing sale actions be halted (ECFs 5-5, 5-6), as well as screenshots of call logs (ECFs 5-7, 5-8). The Court has reviewed Benn's motions and their attachments and finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2023). Benn's motions will be **DENIED**.

I.   DISCUSSION

Preliminary injunctions and TROs are governed by Federal Rule of Civil Procedure 65. Courts apply the same analysis for both. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). Preliminary injunctions and TROs are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). They are not "awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, at 689–90 (2008)). To succeed on a motion for a preliminary injunction or TRO, a movant "must establish [1] that [s]he is likely to succeed on the merits, [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the

balance of equities tips in h[er] favor, and [4] that an injunction is in the public interest." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (alteration in original) (citing *Winter,* 555 U.S., at 20). "To secure a preliminary injunction [or TRO], a plaintiff must 'make a "clear showing" that [she is] likely to succeed at trial, [but she] need not show a certainty of success.'" *Ass'n of Am. Publishers, Inc. v. Frosh*, 586 F. Supp. 3d 379, 388 (D. Md. 2022) (quoting *Pashby v. Delia*, 709 F.3d 307, 321 (4th Cir. 2013)).

Here, Benn has not established that she meets all four criteria for a preliminary injunction or TRO. In particular, Benn has not established a likelihood of success on the merits of the case. From the best this Court can tell, Benn attempts to stall foreclosure proceedings in state court by invoking the automatic stay that accompanies the commencement of bankruptcy proceedings under 11 U.S.C. § 362(a). *See* ECF 5, at 1; ECF 6, at 1. The motions contain no specific allegations about the legality of the foreclosure proceedings beyond Benn's assertion that an attempted eviction on February 3, 2024, violated the stay. *See* ECF 5, at 2; ECF 6, at 2. Benn does not provide the case number for the foreclosure proceedings or give any details about the status of the proceedings.[2]

As an initial matter, it does not appear that the attempted eviction on February 3, 2024, actually violated any automatic stay. Benn filed her voluntary Chapter 13 petition in the

---

[2] Benn alludes to "[c]ontinued communication lapses, unreturned correspondence from trustees spanning over a year, lack of dialogue with banks, and inconsistent responses from mortgage servicers . . . ." ECF 5, at 2; ECF 6, at 2. She asserts that the attached exhibits, "copies of emails, and screenshot of phone call last Friday and Jan 31, 2024" are examples of "[u]nreturned communications." ECF 5, at 2; ECF 6, at 2. It is not clear how this conduct contributes to the alleged illegality of the foreclosure proceedings, and such vague allegations do not lead to any inference of wrongdoing by the adverse parties.

3

Bankruptcy Court on January 30, 2024.³  *See* ECF 1 in Bankruptcy Case No. 24-10796 (Bankr. D. Md. filed Jan. 30, 2024).  The Bankruptcy Court dismissed Benn's case on February 1, 2024, under 11 U.S.C. § 109(g) because she had voluntarily dismissed a prior bankruptcy case within the preceding 180 days.  *See* ECF 1-1, at 1.  As the Bankruptcy Court of Maryland has explained, "where the debtor is ineligible under Subsection(g), the automatic stay does not stay 'any act to enforce any lien against or security interest in real property.'"  *In re Brown*, 342 B.R. 248, 253 (Bankr. D. Md. 2006) (citing 11 U.S.C. § 362(b)(21)).  Even if Benn's filing of the petition did trigger an automatic stay of the foreclosure proceedings, it would have terminated with the Bankruptcy Court's dismissal order on February 1.  *See* 11 U.S.C. § 362(c)(2)(B).  This is true even though Benn moved for reconsideration because she did not seek a stay pending resolution of the motion to reconsider or pending appeal.  *See Constructivist Found., Inc. v. Bonner,* 254 B.R. 863, 866–67 (D. Md. 2000); *Shaw v. Ehrlich*, 294 B.R. 260, 274–275 (W.D. Va. 2003), *aff'd sub nom. In re Wiencko*, 99 F. App'x 466 (4th Cir. 2004).

Benn asserts that she will succeed on the merits because a review of the Bankruptcy Court's March 6, 2024, order denying reconsideration of the dismissal reveals that "discernible errors have arisen" which "appear to stem from continuous shortcomings within the judiciary and clerical departments."  ECF 5, at 2; ECF 6, at 2.  "The evidence to be presented is compelling, shedding light on the gravity of these errors and their direct impact on concurrent proceedings, including the validity of verification claims in Harford Circuit Court, potential violations of the debtor's due process rights, and procedural rights under Rule 41, among others."  *Id.*  She makes no further argument about the contents of Bankruptcy Court's orders dismissing the case and denying

---

³ Benn's motions erroneously state that she filed the petition on "January 31, 2024."  ECF 5, at 2; ECF 6, at 2.

4

reconsideration. But a review of the Bankruptcy Court's orders does not reveal the errors Benn suggests.

The Bankruptcy Court dismissed Benn's petition under 11 U.S.C. § 109(g), finding that Benn was not an eligible debtor because she had voluntarily dismissed a prior bankruptcy case within the preceding 180 days. *See* ECF 1-1, at 1; ECF 1-2, at 1. Congress has explicitly carved out from the automatic stay actions to "enforce any lien against or security interest in real property" against someone found to be an ineligible debtor under § 109(g). 11 U.S.C. § 362(b)(21). "Section 109(g) is a simple procedural mechanism for bankruptcy courts to use in preventing multiple filings by debtors intent on abusing the protections of the automatic stay." *Shaw*, 294 B.R. at 270. "As the language of the section shows, all a court has to do to determine whether a debtor is wholly ineligible under Title 11 is count the number of days between the last dismissal and the filing of the current case." *Id.* Here, all the Bankruptcy Court did was calculate 180 days from the date of dismissal of her prior bankruptcy case (Case No. 23-13612-DER), which was August 31, 2023. *See* ECF 1-1, at 1; ECF 1-2, at 1. Benn was therefore precluded from refiling before February 27, 2024. Benn's petition currently on appeal, filed on January 30, 2024, falls within that time. Benn does not contest that she is an ineligible debtor under Section 109(g). Thus, Benn has not established that she is likely to succeed on the merits of her bankruptcy appeal. Benn's motions must be denied.

## II. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) Benn's "Motion for Emergency Preliminary Injunctive Relief to Encompass the Appeals Process," ECF 3, and "Motion for Emergency Temporary Injunctive Relief to Encompass the Appeals Process," ECF 4, are **DENIED AS MOOT**;

(2) Benn's Amended TRO Motion, ECF 5, is **DENIED**.

(3) Benn's Amended Preliminary Injunction Motion, ECF 6, is **DENIED**; and

Dated: March 15, 2024

_____/s/_____
Brendan A. Hurson
United States District Judge