IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SARAHIA BENN,

    Appellant,

v.                                            Civil No. 24-746-BAH

REBECCA A. HERR,

    Appellee.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On March 12, 2024, Appellant/Debtor Sarahia Benn ("Benn") filed the above-captioned bankruptcy appeal challenging orders by the United States Bankruptcy Court for the District of Maryland dismissing her voluntary Chapter 13 bankruptcy petition and denying reconsideration in Bankr. No. 24-10796. ECF 1 (notice of bankruptcy appeal). The appeal is now ripe for the Court's review on the merits. *See* ECF 26, at 4 (order setting appeal brief deadline); ECF 27 (Benn's brief).

### I.    RELEVANT FACTUAL AND PROCEDURAL HISTORY

Benn filed the voluntary Chapter 13 petition that is the subject of this appeal in the Bankruptcy Court on January 30, 2024. *See* ECF 1 in Bankr. No. 24-10796 (Bankr. D. Md. filed Jan. 30, 2024). The Bankruptcy Court dismissed Benn's case on February 1, 2024, with the following:

> It appears that a previous case filed by Debtor in this Court, Case No. 23–13612–DER, was dismissed under 11 U.S.C. § 109(g) within 180 days of the date of the filing of the petition in this case. Consequently, under 11 U.S.C. § 109(g), the Debtor is not eligible for relief under Title 11 in this case. Therefore, it is, by the United States Bankruptcy Court for the District of Maryland,

> ORDERED, that the above-captioned case under Title 11 (U.S.C.) is dismissed, effective as of the filing of the petition.

*See* ECF 1-1, at 1. On March 6, 2024, the Bankruptcy Court denied Benn's motion to reconsider:

> Upon consideration of the Motion to Reconsider [Docket No. 16] filed by the Debtor, and for the reasons stated on the record that the Debtor is not eligible to be a Debtor in this case due to the dismissal of her prior case (Case No. 23–13612) with prejudice on August 31, 2023, and this case having been filed within 180 days of her prior case, it is, by the United States Bankruptcy Court for the District of Maryland,
>
> ORDERED, that the Motion to Reconsider is hereby denied.

ECF 1-2, at 1.

Benn filed the appeal of those orders in this Court on March 12, 2024.[1] ECF 1. Benn filed, and the Court denied, motions for emergency injunctive relief seeking to halt a foreclosure action.

---

[1] A supplemental transmittal of the Bankruptcy Court docket contained an order denying a motion for waiver of appeals fees entered by the Bankruptcy Court on March 19, 2024. *See* ECF 8-1. Benn did not cite this order in her designation of record, ECF 11, and she does not mention it in her brief, so the Court will not review it on appeal. However, that order provides a helpful timeline of events leading up to the dismissal of Benn's prior bankruptcy case dismissed in August 2023:

> The Debtor filed her prior case on May 23, 2023. On July 17, 2023, the day of a hearing on a Motion for Relief from Stay to which the Debtor did not appear, the Debtor filed a pleading titled 'Voluntarily withdrawing the voluntary petition.' [Docket No. 52] (the "Withdrawal Pleading"). On July 26, 2023, the Debtor filed three additional motions for the Court's consideration [Docket Nos. 61, 62, and 63] (the "Motions to Reconsider Lift Stay") regarding the Motion for Relief from Stay and the hearing that was held in their absence. On August 3, 2023, the Court set the Withdrawal Pleading for hearing on August 28, 2023. On August 22, 2023, the Debtor amended the Withdrawal Pleading, citing that Md. Rule of Civ. Pro. 2-506a "provides the right to withdraw all or part of a case without seeking court permission." The Court notes that the Maryland Rules of Civil Procedure do not apply to this Court.
>
> The Court held a hearing on the Motions to Reconsider Lift Stay and the Amended Withdrawal Pleading on August 28, 2023. The Debtor again did not appear, and the Court denied the Motions to Reconsider Lift Stay and granted the Amended Withdrawal Pleading, which it reviewed as a Motion to Dismiss the Debtor's case. An order dismissing the Debtor's prior case and imposing a 180-day bar on refiling—due to the filing in the prior case of a lift stay motion that had been

2

*See* ECF 5 (amended motion for emergency temporary injunctive relief); ECF 6 (amended motion for emergency preliminary injunctive relief); ECF 7 (memorandum and order denying those motions). Benn appealed that order. ECF 13 (notice of interlocutory appeal). The Fourth Circuit affirmed this Court's ruling in part and dismissed the appeal in part for lack of jurisdiction. *See* ECF 20-2. This Court then directed Benn to file an appeal brief, which, after several extensions were granted, Benn filed on November 7, 2025. *See* ECF 22 (order directing filing of appeal brief); ECF 23 (order to show cause why appeal should not be dismissed or alternatively permitting Benn to file appeal brief by extended deadline); ECF 26 (order granting extension request); ECF 27 (appeal brief). Benn has also filed several more motions for emergency injunctive relief seeking the continuance (or imposition) of the automatic bankruptcy stay under 11 U.S.C. § 362 in order to halt foreclosure proceedings. *See* ECF 25; ECF 29. The Court denied these motions. ECF 26; ECF 30. Benn's appeal of one of those orders (ECF 26) is currently pending. *See* ECF 31 (notice of appeal).[2] Benn's appeal of the Bankruptcy Court's dismissal order (and the order denying reconsideration for the same reasons) is now ripe for this Court's review.

---

granted pursuant to 11 U.S.C. § 109(g)—was entered on August 31, 2023. Pursuant to the dismissal order, the Debtor was not eligible to be a debtor in a case filed before Tuesday, February 27, 2024.

The Debtor filed the current case on January 30, 2024, and the Court accordingly entered the Dismissal Order.

ECF 8-1, at 2 (brackets in original).

[2] It is true that "[g]enerally, a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)). However, there are certain circumstances where the district court does not lose jurisdiction upon the noticing of an appeal, including "to take subsequent action on matters that are collateral to the appeal," *id.* (citing *Langham–Hill Petroleum Inc. v. S. Fuels Co.*, 813 F.2d 1327, 1330–31 (4th Cir. 1987), "to take action that aids the appellate process," *id.* (citing *Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991)), and where the order being appealed is not

3

## II. STANDARD OF REVIEW

Federal district courts have jurisdiction over appeals from final decisions of a bankruptcy court. 28 U.S.C. § 158(a). District courts review appeals of bankruptcy court decisions "in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." *Id.* (c)(2). In other words, this Court reviews the Bankruptcy Court's legal decisions de novo and reviews its factual findings for clear error. *Tidewater Fin. Co. v. Williams*, 498 F.3d 249, 254 (4th Cir. 2007) (citing *In re Merry–Go–Round Enters., Inc.*, 400 F.3d 219, 224 (4th Cir. 2005)).

## III. ANALYSIS

The Bankruptcy Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). This includes

---

actually appealable, *see Griggs*, 459 U.S. at 58. Further, "an interlocutory appeal does not divest the district court of jurisdiction to resolve the merits of a suit" that are not the subject of the appeal. *CASA, Inc. v. Trump*, 791 F. Supp. 3d 606, 612 (D. Md. 2025); *see also Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 301–02 (4th Cir. 2000) (noting that an appeal of an interlocutory order "contemplate[s] . . . a review of the interlocutory order, and of that only" and that "[t]he case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered" (quoting *Ex parte Nat. Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906))); *Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006) ("[A]n appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision.").

The Court is doubtful that the order Benn has appealed is a final appealable order. *See Malloy v. Schelin*, No. 3:24CV890 (RCY), 2025 WL 2025362, at *4 (E.D. Va. July 18, 2025) (finding bankruptcy court's order reiterating relief from automatic stay was not final appealable order because it did not alter the status quo and did not conclusively resolve anything) (citing *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 42 (2020)), *aff'd*, No. 25-1234, 2025 WL 3443455 (4th Cir. Dec. 1, 2025). But to the extent it is an appealable order, the issue on appeal (denial of a motion for continuance of the automatic bankruptcy stay) is distinct from the merits of the case. As such, the Court retains jurisdiction to consider the merits of Benn's appeal. *See Griggs*, 459 U.S. at 58; *Columbus-Am. Discovery Grp.*, 203 F.3d at 301–02; *cf. In re Kendrick Equip. Corp.*, 60 B.R. 356, 358 (Bankr. W.D. Va. 1986) (bankruptcy court declining to hear request that automatic stay be reimposed because same issue was on appeal in district court).

the ability to "sua sponte[] tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.* Section 109(g) imposes the following restriction on who may be a debtor:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> > (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
> >
> > (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

*Id.* § 109(g).

In this case, the Bankruptcy Court dismissed Benn's Chapter 13 petition under 11 U.S.C. § 109(g), finding that Benn was not an eligible debtor because within the preceding 180 days, she had voluntarily dismissed a bankruptcy case after a request for relief from the automatic stay had been filed. *See* ECF 1-1, at 1; ECF 1-2, at 1.

### A. Benn Was Not an Eligible Debtor When She Filed Her Chapter 13 Petition on January 30, 2024.

As relevant to the merits of the Bankruptcy Court's dismissal of Benn's petition, which is the only issue the Court considers here,[3] Benn essentially argues that she was not an ineligible

---

[3] Benn raises a number of arguments the Court does not address here, including that this Court erred in denying her motions for preliminary injunctive relief, ECF 27, at 7, at 10, that this Court "violated Appellant's right to meaningful access to the courts by failing to accommodate her limited PACER access in connection with a show-cause order," *id.* at 8, that "cumulative procedural failures across both the Bankruptcy and District Courts constitute a structural due process violation requiring remand," *id.* at 9, and that this Court erred by limiting Benn to written filings and not holding a hearing, *id.* at 12. This Court's own prior orders are not within the scope of this appeal. *See* 28 U.S.C. § 158(a) (authorizing district court review of "final judgments, orders, and decrees . . . of bankruptcy judges"). However, the Court notes that despite Benn's contention that the Court did not "acknowledge[] or rul[e]" on her request for an extension to file

5

debtor because the 180 days began to run when she filed the motion for voluntary dismissal in the prior case.[4] *See* ECF 27, at 4. She filed her motion for voluntary dismissal pursuant to 11 U.S.C. § 1307(b) on July 17, 2023. *See* ECF 27, at 3; ECF 52 in Bankr. No. 23-13612 (Bankr. D. Md. Filed July 17, 2023). But the Bankruptcy Court did not dismiss the case until August 31, 2023. *See* ECF 27, at 5 (noting the Bankruptcy Court "continued proceedings for two months" after she filed her motion for dismissal); ECF 77 in Bankr. No. 23-13612; *supra* note 1 (citing ECF 8-1, at 2). One hundred and eighty days after July 17, 2023, was January 13, 2024, and one hundred and eighty days after August 31, 2023, was February 27, 2024. As Benn filed the instant Chapter 13 petition on January 30, 2024, whether she was an ineligible debtor within the meaning of § 109(g) depends on whether the 180-day clock began to run on the date she filed the motion for voluntary dismissal or the day the Bankruptcy Court actually dismissed the case.

As Judge Boardman has explained, "[a] motion to dismiss under § 1307(b) is not . . . self-executing." *Kelly v. Naples Prop. Holding Co., LLC*, 671 B.R. 432, 450 (D. Md. 2025) (citing *In re Marinari*, 596 B.R. 809, 819 (Bankr. E.D. Pa. 2019); *In re Greenberg*, 200 B.R. 763, 768 (Bankr. S.D.N.Y. 1996)). And while Benn points to the mandatory language of § 1307(b), *see* ECF 27, at 4 ("The word 'shall' is mandatory, leaving the court no discretion to deny dismissal."), the Bankruptcy Court *did* grant her request for dismissal.

---

an appeal brief, *see* ECF 27, at 8, the Court did grant Benn multiple extensions, *see* ECFs 23 and 26. Further, the Court is not mandated to hold a hearing and the Court finds that the issues presented are adequately decided on the papers. *See* Fed. R. Bankr. P. 8019(b); Loc. R. 105.6 (D. Md. 2025).

[4] Many of Benn's arguments are duplicative, *see, e.g.*, ECF 27, at 6 (arguing that "actions taken by the Bankruptcy Court after July 17, 2023—including the February 1, 2024 order—are void ab initio due to lack of jurisdiction following Appellant's proper § 1307(b) dismissal motion"), at 14 (arguing that "orders entered after Appellant's July 17, 2023 voluntary dismissal—including the February 1, 2024 order—were void for lack of jurisdiction under 11 U.S.C. § 1307(b)"). The Court considers each argument only once.

In *In re Barbieri*, 199 F.3d 616 (2d Cir. 1999), the case primarily relied upon by Benn, *see* ECF 27, at 4, the Second Circuit held that "a debtor has an absolute right to dismiss a Chapter 13 petition under § 1307(b), subject only to the limitation explicitly stated in that provision" and that "[s]ection 1307(b) unambiguously requires that if a debtor 'at any time' moves to dismiss a case that has not previously been converted, the court 'shall' dismiss the action." *Id.* at 619. The issue confronted by the *Barbieri* court, as well as the numerous other appellate courts that have discussed the issue, concerns the request of a debtor for dismissal as opposed to conversion (whether presented on a motion to convert filed by a creditor under § 1307(c) or considered sua sponte by the Bankruptcy Court). *See id.* at 618–19; *see also Kelly*, 671 B.R. at 447–49 (discussing circuit split on whether § 1307(b)'s dismissal right is absolute or qualified). But, as noted, the Bankruptcy Court *did* grant Benn's motion to dismiss. The fact that the motion was not immediately granted is of no moment. *See Kelly*, 671 B.R. at 449–50 (finding that the bankruptcy court erred in granting creditor's § 1307(c) motion to convert and denying debtor's § 1307(b) motion to dismiss but noting that § 1307(b) motions are not self-executing such that the bankruptcy court must rule on them and may impose accompanying sanctions).

Thus, § 109(g)'s 180-day clock began to run on the date the bankruptcy court granted the motion to dismiss—August 31, 2023. "Section 109(g) is a simple procedural mechanism for bankruptcy courts to use in preventing multiple filings by debtors intent on abusing the protections of the automatic stay." *Shaw v. Ehrlich*, 294 B.R. 260, 270 (W.D. Va. 2003), *aff'd sub nom. In re Wiencko*, 99 F. App'x 466 (4th Cir. 2004). "As the language of the section shows, all a court has to do to determine whether a debtor is wholly ineligible under Title 11 is count the number of days between the last dismissal and the filing of the current case." *Id.* Benn's Chapter 13 petition was

7

filed on January 30, 2024 and was in violation of § 109(g) as she was not an eligible debtor. The Bankruptcy Court did not err in dismissing the petition accordingly.

## B. Benn's Other Arguments Are Not Persuasive.

Benn's other arguments are not persuasive. She contends that the failure to immediately rule upon her motion for voluntary dismissal in Bankr. No. 23-13612 violated her Fifth Amendment due process rights, *see* ECF 27, at 4–5, and that any action taken by the Bankruptcy Court after July 17, 2023, "including the February 1, 2024 order," is "void ab initio due to lack of jurisdiction following Appellant's proper § 1307(b) dismissal motion," *id.* at 6. None of the orders in Bankr. No. 23-13612, including the dismissal order, are within the scope of this appeal.[5] And given that the February 1, 2024 order was issued in an entirely separate proceeding (initiated by Benn) from the one she sought to be dismissed, her argument that her motion to dismiss in a different case voided all subsequent actions of the Bankruptcy Court is plainly without merit.

Next, Benn argues that she is entitled to "equitable tolling and leniency in procedural compliance." *Id.* at 9. It is unclear in what context Benn intends to invoke these principles, but given that the Court now decides the appeal on the merits based on full consideration of Benn's appeal brief, the Court finds that these principles do not change the Court's analysis. Benn argues that "accumulated clerical omissions, docketing failures, and inconsistent judicial management in the 2022 and 2023 bankruptcy cases deprived Appellant of a meaningful opportunity to participate . . . ." *Id.* at 11. Again, only the dismissal order and the accompanying order denying reconsideration in Bankr. No. 24-10796 are the subject of this appeal. Benn does not describe with any specificity these "clerical omissions, docketing failures, and inconsistent judicial management" or explain how they would impact the instant appeal of the Bankruptcy Court's

---

[5] Benn did not note an appeal of any order in Bankr. No. 23-13612.

dismissal of Bankr. No. 24-10796. To the extent Benn alleges that filings "were never docketed or transmitted to the appellate record," *id.* at 11, at 12, the Court notes that bankruptcy appellants must designate the record for appeal, *see* Fed. R. Bankr. P. 8009 (a)(1). More importantly, review of the Bankruptcy Court's dismissal of Bankr. No. 24-10796 requires little more than counting days between dismissal and filing, *see Shaw*, 294 B. R. at 270, so transmittal of other documents in the record would not bear on the Court's ultimate conclusion.

The Court is mindful of its obligation to construe liberally filings by self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, after considering Benn's arguments to the contrary, the Court finds that the Bankruptcy Court did not err in dismissing the underlying petition.

## IV.   CONCLUSION

For these reasons, the Bankruptcy Court's dismissal of Bankr. No. 24-10796, including the dismissal order entered on February 1, 2024, and the order denying reconsideration entered on March 6, 2024, are affirmed. A separate implementing order will issue.

/s/
Brendan A. Hurson
United States District Judge